398 So.2d 1238 (1981)
Frank Abbott FERGUSON, Jr.
v.
Deborah McManus FERGUSON.
No. 11787.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1981.
Law Offices of Guy W. Olano, Jr., Randall C. Roth, Kenner, for plaintiff-appellant.
Conner, Martinez & Miles, James S. Conner, Metairie, for plaintiff-appellee.
Before GARRISON, CHEHARDY and BARRY, JJ.
*1239 GARRISON, Judge.
This is an appeal from a judgment of the district court denying the father's rule to change custody and retaining custody with the mother. The judgment also contains a divorce judgment in favor of the father and a statement of visitation privileges, but only the custody judgment has been appealed.
On appeal, the father contends that the court erred in failing to award custody to him under the best interest of the child test on the grounds that the mother has been living in open concubinage with a man who is separated, but not divorced and that the mother's living arrangements require that the children, two sisters, Andrea, ages 7½ years and Lisa, age 3½ years, be separated.
Initially, we note that the standard used by the trial court is the "best interests of the child" test under C.C.Art. 157. In reaching a determination of best interest, the trial judge must look to the totality of the circumstances.
In situations where the custodial parent is living in open concubinage, our courts have repeatedly and rightfully expressed concern that the living arrangement may result in a detrimental effect on the moral stability of the minors. Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). However, even in the most flagrant cases, our courts still examine the relative situations of both parties. In Hildebrand v. Hildebrand, 391 So.2d 577 (App. 4th, 1980) the custodial mother was not only living in open concubinage, but also was hospitalized for an emotional breakdown and was shown to have had her daughter serve her and her paramour breakfast in bed. Additionally, the children would join her and her paramour in bed to read the newspaper. Even in the Hildebrand case, this court reviewed the trial court's examination of the situation of the non-custodial parent in order to determine if, in light of the totality of the circumstances, the best interests of the children would best be served by the retention of custody in the mother.
On appeal, the standard of review to be applied by this court is whether the trial court clearly abused its discretion in awarding custody to a particular parent. Fulco v. Fulco, 259 La. 112, 254 So.2d 603 (1971); Cleeton v. Cleeton, supra. We find that in light of the totality of the circumstances, the trial judge did not clearly abuse his discretion:

I SITUATION OF THE CUSTODIAL PARENT
The custodial mother is living with a man named Richard Powell. He gets his divorce on June 9 and they will be married on August 2. The dress, rings and reception are already partially paid for and the arrangements were made before the father filed his rule to change custody.
Richard Powell appears to be fairly fit as a step-parent, having been awarded the custody of his two children, Paul, age 17 years, and Deborah, age 14 years, in his divorce proceeding. Powell helps to financially support Lisa and Andrea. At the time of trial, Lisa, the younger child, resided with Powell, his two children, and the custodial mother. Andrea resides with the maternal grandparents who help to financially support her.
Although the children reside in separate homes, the two sisters maintain close daily contact and are, in fact, not separated that often. Lisa stays at the grandmother's house during the day while the mother is at work. The mother maintains daily visits with Andrea. About three nights a week Andrea and Lisa have dinner at Powell's house. Andrea spends the weekends with Lisa at Powell's house except for those occasions when they visit their father. Occasionally, during the week, Andrea stays with Lisa at the Powell's or Lisa stays overnight with Andrea at the Grandmother's. Lisa has her own room at Powell's house and Andrea has her own room at the grandmother's house.
Both mother and the grandmother testified that the reason why Andrea is living at a separate location is because of her school situation. The school is near to the grandmother's house and Andrea can get there *1240 easily. It is the same school she was attending prior to her parents' separation. Andrea first began staying at the grandmother's house when the mother was working at an insurance agency where her hours ran until 5:00 p. m. and she could not pick Andrea up after school.

II SITUATION OF THE NON-CUSTODIAL PARENT
Frank Ferguson is an electrical subcontractor. His working hours are generally 7 a. m. to 4 p. m. six days a week. He is living with his mother, Audrey, and his 17 year old brother, Barry, at his mother's house. Audrey Ferguson has a three bedroom house. At present, she, Barry, and Frank each have their own room. Should the girls move in with her, they would share the bedroom with Audrey. There is some evidence that the father has a violent temper.
The oldest daughter, Andrea, has a tendency to begin stuttering shortly before she sees her father. When she stays with him for a number of hours, her stuttering is much worse. The only time she stutters is when she is with her father. The mother testified that when the little girl was much younger, the father "pulled Andrea around."
Having thus reviewed the totality of the circumstances, we cannot conclude that the trial judge clearly abused his discretion in awarding custody to Deborah McManus, divorced wife of Frank Ferguson.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.