407 So.2d 1366 (1981)
Sherry Edgar NOBLIT, Plaintiff-Appellee,
v.
Steven Timothy NOBLIT, Defendant-Appellant.
No. 8510.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
Hopkins & Little, James E. Hopkins, Sulphur, for defendant-appellant.
*1367 Raleigh Newman, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
GUIDRY, Judge.
This is a custody action instituted by plaintiff, Sherry E. Noblit, against defendant, Steven T. Noblit, wherein plaintiff seeks to obtain permanent custody of two of the parties' four minor children following a judgment of divorce ending the marriage of the aforesaid parties.[1] After hearing extensive testimony presented by both plaintiff and defendant, the trial court awarded permanent custody of Donna and Nathan Noblit to plaintiff. Defendant, Steven T. Noblit, appeals from that judgment.
The sole issue on appeal is whether or not the trial court clearly erred in concluding that it is in the best interest of Donna and Nathan Noblit to remain in the custody of their mother, Sherry E. Noblit.
The trial judge rendered comprehensive written reasons setting forth in detail his factual findings and his conclusions in regard thereto. Close scrutiny of the extensive trial record reveals not only that the trial judge's conclusions are free of manifest error but also that such conclusions are fully supported by the evidence adduced. For this reason, we take the liberty of adopting as our own the well-reasoned and considered opinion of the trial court which reads in its entirety as follows:
"This is a suit for divorce in which the plaintiff, Mrs. Sherry Noblit, seeks custody of the two younger minor children born of the marriage and in which the defendant, Steven Noblit, seeks custody of all four minor children.
The parties separated January 3, 1980, and on January 9, 1980 Mrs. Noblit filed suit for separation and obtained an ex parte court order giving her provisional custody of the two younger children, the two older children being in the physical custody of their father. At a hearing on January 29, 1980, on a rule to show cause why the mother should not be granted provisional custody also of the two older children, it was stipulated that she be granted the provisional custody of all four children. On October 23, 1980 defendant abducted the four children and on that same day filed a rule seeking a change of custody. The following day plaintiff applied for a writ of habeas corpus seeking the return of the children. The matters were fixed for hearing on October 28, 1980; and following a hearing lasting approximately three days, the court denied the father's request for a change of custody and ordered that the provisional custody remain with the mother.
On January 30, 1981, plaintiff amended her petition for separation and prayed for a divorce on the grounds that the parties had lived separate and apart for a period in excess of one year without reconciliation. On February 24, 1981, defendant amended his reconventional demand for a separation to seek a divorce on the grounds of adultery. Both parties prayed for the permanent custody of all four children.
At the trial plaintiff was permitted by the defendant to first take up her suit for divorce on the grounds of having lived separate and apart for a period in excess of one year. During her presentation of the divorce aspect of her case, plaintiff stipulated fault on her part, admitting to an act of adultery on August 13, 1980. At the provisional custody hearing in October she had also admitted an act of adultery on another occasion, both occasions occurring after she and her husband separated.

*1368 Judgment will be rendered granting plaintiff a divorce, with a finding, however, of fault on the plaintiff's part because of her adultery. The court further finds the defendant to have been guilty of cruel treatment prior to their separation and, thus, also at fault.

The trial of the custody phase of the case lasted approximately two days. The children are Paul, age 12, Shannon, age 10, Donna, age 7, and Nathan, age 3. At the outset of the custody hearing Mrs. Noblit withdrew her request that she be granted custody of the two older boys, Paul and Shannon, because of their strong desire to live with their father. It was abundantly clear from the evidence that Paul and Shannon strongly prefer their father, that they are extremely hostile toward their mother, that they refuse to accept the authority of their mother, and that she is unable to control them. The court is convinced that she genuinely loves these two children but that she recognizes this custodial preference and her inability to cope with them. She strenuously urges, however, that she be granted the custody of the two younger children, Donna and Nathan.
The circumstances of this case are unusual. In fact, they are so unusual that the court has decided to grant the custody of Paul and Shannon to their father and the custody of Donna and Nathan to their mother, contrary to the usually accepted principle that it is in the best interests of children that the custody of all be granted to one parent. If Mrs. Noblit were to be granted the custody of Paul and Shannon an intolerable situation would be created. In granting their custody to the father the court is not allowing their preference to be the controlling factor. At the provisional custody hearing there was no uncertainty about their preference, and yet the court granted their provisional custody to the mother. However, events since then have proven that arrangement unworkable due to the attitude, ages, physical size of the boys, together with paternal pressures, both direct and subtle, brought to bear on the children.
At this point let me say in deference to Mr. Noblit that he is a good father in many ways. Just as the court is convinced that Mrs. Noblit genuinely loves all four of her children, the court is likewise convinced that Mr. Noblit genuinely loves them. He is a deeply religious man. He provides very adequately for their physical needs. He personally provides for a great deal of their care and spends much time with the children. In spite of his many attributes as a father, there are good reasons why it would be in the best interests of Donna and Nathan that their custody not be granted to their father but on the contrary be granted to their mother.
It is not in the best interests of the two younger children that they be reared in such a manner as to develop the present attitudes of the two older boys. They have developed an attitude of resentment and hostility toward their mother, an attitude that is an unnatural one that cannot be explained by the reasons given by the boys for their attitude. The court is aware of too many instances in which much more severely abused children than these are, even according to their own stories, have nevertheless showered affection on the abusing parent. Children, inherently, are of a forgiving nature. But these children have on some occasions been deliberately taught to resent and pass judgment on their mother. And in other ways, even though perhaps not deliberate, their respect for their mother has been undermined. It would serve no useful purpose to recite detailed examples of the instances which are in evidence. This damage has not as yet occurred to a significant degree to Donna and Nathan because of their tender years, and it is in their best interest that such damage does not occur. There will be less chance of it occurring by granting their custody to their mother than to their father.

*1369 The evidence further reveals that the defendant is of the belief that a wife should be submissive to her husband, that it is wrong for a wife to be rebellious to her husband. Most disturbing was the testimony of a clinical social worker and the administrator of the Women's Shelter that the defendant in justification of his striking his wife stated that it was his responsibility, his duty, to correct her, to make her act right, to see to it that she did things according to God's way.

It is not in the best interest of these children, and particularly Donna, that they be reared in this belief.

Mrs. Noblit has not been shown to be an unfit mother, morally or otherwise. To the contrary, various witnesses have testified that she is a good mother. To her discredit she has been guilty of committing adultery since she and her husband separated. However, her conduct in this regard has not been flagrant and indiscreet and has not been shown to have taken place in the presence of the children. The following language from Cleeton v. Cleeton, 383 So.2d 1231, is pertinent:

`To change the custody of these girls would punish their mother for past behavior when there is no proof of a detrimental effect on her daughters. An award of custody is not a tool to regulate human behavior. The only object is the best interest of the child. LSA-C.C. art. 157.'
The court further believes that a girl seven years of age and a boy three years of age need their mother. A girl of this age has special needs that a mother can best provide. The same is true of a boy three years of age.
The court in considering the means of the husband, the financial needs of the children, the income of the wife, and recognizing her obligation to share in the support of the children with their father, fixes the amount of child support to be paid by Mr. Noblit to Mrs. Noblit in the sum of $300.00 per month payable in installments of one-half each on the 1st and 15th of each month commencing April 15, 1981."
The standard of appellate review applicable in child custody matters was recently reiterated in Bordelon v. Bordelon, 390 So.2d 1325 (La.1980) wherein the Louisiana Supreme Court stated:

"... in child custody cases, the procedure for appellate review is to give great weight to the determination of the trial judge, and to overturn a determination only when there is a clear abuse of discretion. Fulco, supra; Cleeton v. Cleeton, 383 So.2d 1231 (La.1989). This test is substantially similar to the rule applied by the appellate court, which prevents the upsetting of a trial court determination of fact unless it is `clearly wrong'. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Under these rules, a conclusion reached by a trial court derived from the facts is entitled to just as much weight as a conclusion that certain evidence establishes a fact."

As noted, we fail to discern any clear error on the part of the trial court.
For the above and foregoing reasons, the decision of the trial court is affirmed. All costs of this appeal are assessed to the defendant, Steven T. Noblit.
AFFIRMED.
NOTES
[1] Plaintiff, Sherry E. Noblit, did not seek custody of the parties' two older children, Paul, age 12, and Shannon, age 10, for the reasons stated in the trial court's written reasons for judgment. Thus, the instant custody dispute concerns only the two younger Noblit offspring, Donna, age 7, and Nathan, age 3.