COVINGTON, Judge.
This is an appeal by the father, Leroy A. Dardar, from a judgment dated December 10, 1981, granting permanent care, control and custody of the minor children, Jay Dar-dar and Margaret Dardar, to their mother, Theresa Billiot Dardar. We affirm.
On May 6, 1981, the parents of the minor children obtained a judgment granting custody of the children, by agreement, to the father. Then, the mother, on October 8, 1981, sued for change of custody to her, as being in “the best interest” of the children.
A hearing was held on December 10, 1981. On that date, the trial judge, for oral reasons assigned, rendered judgment in favor of the mother, giving her permanent custody of the children. In his oral reasons, the trial judge stated:
“You have to look at what would be in the best interest of the children. Should they be raised by the grandmother and the father, who is away half of the time, or should they be raised by the mother, who would be at home every evening to take care of them? I have no doubt that both homes are able, you know what I mean, both homes are — I am not disagreeing with the care that the children have been given. But the question is: should these children be raised away from home and not have the benefit of their mother’s tender care? Now, they are *503 such young children — see, if they were older children, I think it would be a little different — but I think the best interest and welfare of the children would be that they be given to the mother, because of the things that have happened. Here is a man who is driving with his children, drinking, gets into two automobile accidents, goes into Bayou Lafourche. Luckily, the children were saved. And it just disturbs the Court a great deal to feel that these children are in the hands of the father who takes them out, not only on one occasion, twice, and drinks and goes into Bayou Lafourche. What is going to happen the next time? I think the best interest and welfare of the children, based on all the testimony I have heard, would be to have the children raised by the mother. So ordered.”
This case is governed by LSA-C.C. art. 157, as amended, which provides that permanent custody of the child shall be granted to the husband or the wife (mother or father) in accordance with “the best interest” of the child, “without any preference being given on the basis of sex of the parent.” This codal article as amended does away with the maternal preference rule and any presumption in favor of the mother in a custody dispute. Dickey v. Dickey, 383 So.2d 808 (La.App. 1 Cir. 1980); Thornton v. Thornton, 377 So.2d 417 (La.App. 2 Cir. 1979). This amendment also abrogates the “double-burden” rule. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980).
The standard of review in custody matters gives great weight to the determination of the trial judge, and his discretion will not be disturbed on review in the absence of a clear showing of abuse thereof. Cleeton v. Cleeton, 383 So.2d 1231 (La.1980); Ferguson v. Ferguson, 398 So.2d 1238 (La.App. 4 Cir. 1981). We find no abuse in the instant ease.
The trial judge had the opportunity to view the opposing parties and was in a better position than the reviewing court to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the effect of all of the factors on the welfare of the children. He stated his reasons unequivocally.
Our review of the record leads us to conclude that the trial court had a sufficient basis for the award of permanent custody of Jay Dardar and Margaret Dar-dar to their mother, Theresa Billiot Dardar. We conclude that the trial court made a reasoned and correct award of permanent custody based on all of the evidence, and the best interest of these children will be served by permanent custody being in the mother.
Accordingly, the judgment is affirmed at the appellant’s costs.
AFFIRMED.