425 So.2d 1313 (1983)
Dianne Black PAULEY
v.
Stephen Elliot PAULEY.
No. 82 CA 0737.
Court of Appeal of Louisiana, First Circuit.
January 5, 1983.
*1314 Christine M. O'Brien, Acadiana Legal Service, New Iberia, for plaintiff.
Harold J. Rhodes, Morgan City, for defendant.
Before COVINGTON, LANIER and ALFORD, JJ.
COVINGTON, Judge.
Stephen Elliot Pauley appeals from the trial court's judgment which granted custody of his minor son, Jason, to his former wife, Dianne Black Pauley. He was granted a divorce on the ground of Mrs. Pauley's adultery and argues that her misconduct renders her unfit to care for their son. The trial judge found that the actions of Mrs. Pauley in no way reflected on her capability of raising Jason, and granted custody to her.
In the appellate review of cases involving child custody, the trial court's determination of what is in the best interest of the child is given great weight, and will not be overturned unless there is a clear showing that the trial judge abused his discretion. Cleeton v. Cleeton, 383 So.2d 1231 (La.1980); Stephenson v. Stephenson, 404 So.2d 963 (La.1981). A determination of the best interest of the child involves consideration of the totality of facts and circumstances of the child and the parents in each individual case. Ferguson v. Ferguson, 398 So.2d 1238 (La.App. 4th Cir.1981). In his reasons for judgment, the trial judge noted:
Jason is only five years old and this Court feels that he would be much better off living with his mother in Virginia rather than here in Louisiana. A child of those tender years can be better cared for by the mother. When the Pauleys were living in Virginia they apparently belonged to a Fundamentalist religion and Mrs. Pauley apparently could not handle the socializing in the area where she lived in Louisiana, but on her return [to Virginia] seems to have recovered some of these morals. The report of the State of Virginia's authorities seems to confirm this, although I am basing my decision on what I heard in court and not what these people in Virginia tell me.
We cannot say that the trial judge abused his discretion in this case, and note that not only is his decision supported by the facts and circumstances surrounding this case, but also by the jurisprudence of this State. In Cleeton, the Supreme Court granted custody of three girls to the mother even though she had engaged in adultery, stating that:
To change the custody of these girls would punish their mother for past behavior when there was no proof of a detrimental effect on her daughters. An award of custody is not a tool to regulate human behavior. The only object is the best interest of the child. Id., at 1236, LSA-C.C. art. 157.
Another similar case is Stephenson, in which the Supreme Court upheld the award of custody of a four-year-old daughter to her mother who had been living in an adulterous relationship with a man. The Court found that the relationship had no detrimental effect on the young girl, and that the mother had provided excellent care for the child. Id., at 965-966.
*1315 In the case of Noblit v. Noblit, 407 So.2d 1366 (La.App. 3rd Cir.1981), the wife admitted to an act of adultery and the husband was awarded a divorce on this ground. She sought custody of the two youngest of the couple's children, which was granted by the trial court and affirmed by the Court of Appeal. In discussing the best interest of the children, the trial judge stated (as reported in the appeal court's opinion):
Mrs. Noblit has not been shown to be an unfit mother, morally or otherwise. To the contrary, various witnesses have testified that she is a good mother. To her discredit, she has been guilty of committing adultery since she and her husband separated. However, her conduct in this regard has not been flagrant and indiscreet and has not been shown to have taken place in the presence of the children... The court further believes that a girl seven years of age and a boy three years of age need their mother. A girl of this age has special needs that a mother can best provide. The same is true of a boy three years of age.
Likewise, we find there was no manifest error in the trial court's decision to award custody of Jason to Mrs. Pauley. He had been doing well under her care and supervision, and his mother was and is capable of raising him. It is in his best interest to remain in her custody.
Accordingly, for the above reasons, we affirm the decision of the trial court, at appellant's costs.
AFFIRMED.