PICKETT, Judge, Ad Hoc.
Original Plaintiff, Melinda Lacoste Be-noit, appeals from a judgment of the trial court which awards the custody of her minor child, David Benoit, to his father, Donald Evans Benoit, original defendant, and plaintiff, in reconvention.
Plaintiff and defendant were married May 7, 1977, in Cameron, Louisiana, where they established their matrimonial domicile. One child, David Benoit, was born of this marriage, on December 21, 1977.
Mr. and Mrs. Benoit separated on or about June 4, 1982, and Mrs. Benoit filed suit for legal separation, based on allegations of constructive abandonment, on June 21, 1982. She also sought custody of the minor child, David, then four and one-half (4½) years old, child support and alimony for herself. Mr. Benoit answered the petition, admitting the marriage, domicile and that the child was a child of the marriage. He denied all other allegations. He also reconvened for a legal separation on grounds of cruel treatment and for custody of the child, David.
On July 12, 1982, there was a judgment on a rule, in which Mrs. Benoit was awarded the custody of the child and Mr. Benoit was ordered to pay child support. The record reflects no reasons being assigned for this particular action.
Subsequently, on a full trial on the merits, regarding the issues of legal separation and custody, the Court awarded the re-convenor, Mr. Benoit, both a legal separation and the permanent care, custody and control of the minor child, David Benoit, subject to specific visitation privileges to Mrs. Melinda Benoit. It is from that aspect of the judgment which awards custody of the child to the father that the mother appeals, contending that the trial court erred in (1) awarding effective custody to a grandparent instead of a parent where the pleadings and the testimony of the father of the child indicate that the grandparents are the real parties at interest, and, (2) absent a showing of any significant change in the circumstances of the father the trial Court erred in changing the previous permanent custody award of the mother when all testimony indicated that the mother’s situation had improved during the time she had had custody. We find merit in neither of these contentions.
In the appellate review of cases involving child custody; the trial court’s de *756 termination of what is in the best interest of the child is given great weight, and will not be overturned unless there is a clear showing that the trial judge abused his discretion. Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Pauley v. Pauley, 425 So.2d 1313 (La.1983). A determination of the best interest of the child involves consideration of the totality of facts and circumstances of the child and the parents in each individual case. Ferguson v. Ferguson, 398 So.2d 1238 (La.App. 4th Cir.1981). In his reasons for judgment, the trial court noted:
“The history of the mother’s behavior exhibited an irresponsibility which was inconsistent with the duties of parenthood. The mother had left the grandparents with the chores of child-rearing and continuously pursued a life of self-indulgence. The particulars referred to are her habits of late hours during the week, excessive use of alcohol, and the patronizing of lounge and dance hall establishments. On the question of parenthood, her life style resulted in complete neglect of the child. Her behavior in this respect had become so extreme that it resulted in the dissolution of her marriage. The only stability in the child’s life was that provided for by the working relationship of father and the paternal grandparents.
The mother, at the time of this hearing, had taken the child from the grandparents home. This move was instituted simultaneously with the filing of the rule. She had moved in with a sister in a rural and remote area with overcrowded facilities and limited opportunity for the child.
It was apparent that the motive for seeking the custody was for the accompanying child support funds which were needed by Melinda Benoit and by her sister’s household where funds were inadequate.
It was the Court’s opinion that the best interest of the child was served by the decision which was given.”
We cannot say that the trial judge abused his discretion in this case. On the contrary his decision is supported by the facts and circumstances surrounding this case, which include the fact that the child, David, has been in poor health his entire life, and has virtually been reared, nursed and protected by the paternal grandparents, having lived in their home for the greater part of his life. The father now makes his home with the grandparents, and the child, David, will continue to receive the excellent day and night care he has always received, with the father being assured of the well-being of the child during the periods of the day he is away, working.
It is to the manifest best interest of the child that he be in the custody of the father.
For the foregoing reasons, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.