GUIDRY, Judge.
Plaintiff, Denise J. Hartle, filed suit seeking a change in the custody of her 3V2 year old daughter, Amanda Desire Hartle. Amanda’s father, Dennis R. Hartle, has had sole custody of Amanda since July of 1983. Finding that an award of joint custody would not be feasible under the circumstances, the trial court found for plaintiff and awarded her the sole custody of Amanda. Defendant appeals the trial court’s decision.
*429 FACTS
Dennis and Denise Hartle were married in Missouri on December 15, 1979. Shortly after their marriage they moved to Cameron, Louisiana, along with Dennis’ parents. Amanda is the only child of that marriage. During their marriage, the Hartle’s lived on the beach in a converted school bus. These living accommodations were extremely meager, there being no screens on the windows, no inside partitions, no plumbing facilities, etc. Denise signed papers effecting a voluntary relinquishment of Amanda to her paternal grandparents on June 22,1983, for fear that the Department of Health and Human Resources would take Amanda away from Dennis and her because of their poor living accommodations. Shortly thereafter, the couple separated. Dennis moved into a camper near his parents’ mobile home while Denise remained in the bus. Dennis sued Denise for divorce on the grounds of adultery and sought custody of Amanda. Denise then moved back to Missouri to live with her mother. On July 27, 1983, after Denise’s departure to Missouri, a judgment of default was rendered, granting Dennis a divorce and custody of Amanda.
After Denise had become settled in Missouri, she returned to Louisiana and on January 13, 1984, petitioned the court for a change of custody seeking the sole custody of Amanda or alternatively, joint custody. By judgment rendered April 11, 1984, Denise was granted sole custody of Amanda, with designated visitation rights in favor of Dennis.
In seeking reversal of the trial court’s judgment, appellant principally argues that the trial court erred in ordering a change of custody despite appellee’s failure to produce evidence demonstrating that the existing custody was deleterious to the child, and that appellee could better provide for the child. In other words, appellant asserts that the trial court, in reaching its decision, failed to apply the “double burden” rule.
Contrary to appellant’s assertions, Louisiana no longer applies the “double burden’ rule in eases involving change of custody. Under the former rule, a party attempting to change custody had to prove that the existing custody was deleterious to the child, and that the party seeking custody could better provide for the child. This rule was abrogated in Bordelon v. Bordelon, 390 So.2d 1325 (La.1980), such that the best interest of the child, and not the possibility of harm, is now the sole criterion applicable in change of custody cases. La. C.C. Art. 157. The role of the court in such cases is to determine the best interest of the child based on the relative fitness and ability of competing parents in all respects to care for the child. Suire v. Jagneaux, 422 So.2d 572 (La.App.3rd Cir.1982); Bentley v. Bentley, 440 So.2d 1362 (La.App. 3rd Cir.1983).
In child custody matters, the trial judge is afforded wide discretion in determining which arrangement will serve the best interest of the child. His determination will not be disturbed absent a manifest abuse of discretion. Fortenberry v. Fortenberry, 432 So.2d 1125 (La.App. 3rd Cir.1983).
BEST INTEREST OF AMANDA
During the marriage of the parties, Denise was the primary source of Amanda’s love, nurturance, and attention. Denise fed her, clothed her, bathed her and watched over her on a daily basis. Upon hearing rumors that the DHHR was considering taking Amanda away from them, Denise relinquished custody of Amanda to Dennis’ parents. She testified that she considered this to be only a temporary arrangement until better living accommodations could be provided for the family.
After the couple’s separation, Denise was forced for financial reasons to return to live with her mother in Missouri. She returned to Louisiana several months later to seek legal advice and to visit Amanda. Without Dennis’ permission, she took Amanda back to Missouri with her. A few weeks later, Dennis went to Missouri and brought his daughter back to Louisiana.
*430 Denise obtained part-time employment at a Burger King in Kansas City, Missouri. She lives with her mother in a two bedroom house located on two acres of land in a suburb of Kansas City. Many of Denise’s relatives live in the same neighborhood. There are several parks as well as a zoo in the general vicinity and a number of small children around Amanda’s age that live nearby. Denise’s mother works full time and testified that she would be pleased to have Amanda move in with them. Denise’s sister, who also has a child, would be able to babysit for Amanda while Denise was at work.
Dennis has not had a very active part in Amanda’s rearing. Although he had sole custody of her for nine months prior to trial, he, in fact, did not live with her. Amanda lived in a mobile home with her grandparents while Dennis lived next door in a motor home. Dennis’ mother babysat for Amanda, fed her, clothed her, saw to her daily needs, and brought her to church on Sundays. Dennis is a commercial fisherman making about $50.00 per day.
In his written reasons for judgment, the trial judge explained:
“In arriving at this decision only Denise Hartle and Dennis Hartle were considered to be parties in the case. This is in accordance with the presumption of La.C.C. Art. 146 that custody should remain with parents rather than other relatives. Evidence regarding relatives on either side is only relevant to the extent it may bear on a parent’s ability to provide a good home.
Also it must be noted that implicit in the best interest standard is the principle that an award of custody may not be made solely for the purpose of punishing one of the parents for past misconduct. Johnson v. Johnson, 331 So.2d 854 (La. App. 1st Cir.1976), writ den. 334 So.2d 436 (La.1976). Although there was testimony alleging such misconduct by Petitioner, none of it had any bearing on either the fitness to provide a home for the child. Moreover, no evidence was presented to show any immoral acts which may have taken place in Amanda’s presence. Noblit v. Noblit, 407 So.2d 1366 (La.App. 3rd Cir.1981).
Because the evidence presented best supported the conclusion that Denise Hartle is best able to provide Amanda with the stable and loving environment she needs and deserves, permanent custody of the child was awarded to Petitioner. A formal judgment in this matter has already been signed.”
In our view, the judgment of the trial court changing custody from Dennis to Denise is in the best interest of Amanda. Although it is abundantly clear that both parents deeply love and care for their child, Denise is the parent better suited for caring for all of Amanda’s physical and emotional needs. This is not to say that Amanda was not well cared for while in her father’s custody. But most of this care came from her grandparents and not from her father. This custody suit involves a determination of the best interest of Amanda with respect to her parents. In that regard, we find no abuse of discretion in the trial court’s judgment.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.