KNOLL, Judge.
This appeal concerns the modification of a joint custody decree. The mother, Tom-mye Hull McGlothlin, appeals the judgment of the trial court awarding primary custody *206 of her two minor sons to their father, Carl Randall Hull, for the nine month school term and primary custody to her during the summer vacation months.
Mrs. McGlothlin contends the trial court: 1) failed to follow the change of circumstance rule which requires a showing of a change in circumstance materially affecting the welfare of the children; 2) failed to follow the heavy burden of proof rule which requires a showing that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree; and, 3) incorrectly applied the best interest of the child rule, excluding the change of circumstance rule and the heavy burden of proof rule. We affirm.
FACTS
Mrs. McGlothlin and Mr. Hull are the divorced parents of two boys, Randy, eleven years of age and Jason, nine years of age. The parents have been involved in a custody battle of Randy and Jason since 1985. We refer the reader to Hull v. Hull, 499 So.2d 1037 (La.App. 3rd Cir.1986) for a complete factual background to this present appeal. Since the first appeal, Mrs. McGlothlin has given birth to another child for a total of three children bom out of wedlock since the divorce. These three children all have different fathers. As reported in the first appeal: “Since the divorce in 1980 Mrs. McGlothlin has given birth to two other children out of wedlock. She later married the father of the first child, Gary McGlothlin. They are now divorced. Mrs. McGlothlin was never married to the father of the second child.” She never married the father of the third child nor is she seeking child support from any of their fathers.
At the time of the hearing which forms the basis of this appeal, Mrs. McGlothlin was a licensed RN and was an OB nurse (maternity, nursery, labor and delivery) at Rapides General Hospital, earning $10.55 an hour. She was still residing with her parents in Alexandria.
Since the last appeal, her brother and his two children moved into their parents’ home. There was a total of thirteen people living in a four bedroom one bath home.
Mr. Hull has been married to Letitia Hull for seven years; no children were bom of this marriage. They reside in Pineville in a two bedroom home. Mr. Hull works out of Local 576 Electrical Workers and grosses $2,237.55 per month.
MODIFICATION OF CUSTODY DECREE
When a trial court has made a considered decree of permanent custody, the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). The best interest of the child is the sole criteria to be met in awarding or modifying custody under Civil Code Article 146. Custody must be awarded according to the best interest of the child. Id. at page 1201.
Each child custody case involves a consideration of the totality of facts and circumstances of the parties in each individual case. Benoit v. Benoit, 436 So.2d 754 (La.App. 3rd Cir.1983). In the appellate review of child custody cases, the trial court’s determination of what is in the best interest of the child is given great weight, and will not be overturned unless there is a clear showing that the trial court abused its discretion. Id. at page 755, 756.
In modifying the custody decree, the trial court stated:
“... both parents love the children and are willing to take care of them and so forth and the question really is what’s— whether they would be best served by living with their father during the school year or the mother. The father offers the opportunity for the children to live with he [sic] and his wife and love the children and they have a home with no other children involved in it, no one else except them. The mother on the other hand has a home at the present time with some thirteen people in it. She has had 3 illegitimate children. Of her 5 children, 3 *207 are illegitimate and it just seems to me that I believe maybe the best interest of the little boys is to let them live with the father during the school year and the mother during the summer. More than anything else this is based upon the physical facilities involved. The number of people in the mother’s home as opposed to the number of people in the father’s home....”
Basically Mrs. McGlothlin contends that Mr. Hull failed to show a change of circumstance that was so deleterious to the children as to justify a modification of the custody decree in the best interest of the children. The record shows that this argument is hollow.
Mr. Hull asked for the modification in custody because of Mrs. McGlothlin’s sexual misconduct, namely, the third child born out of wedlock, the crowded living conditions of his sons during the school year, and her working hours interfering with caring for the boys.
We have carefully reviewed the record and find that all of these changes were clearly proven. The crowded living condition of the children has remained the same since the last appeal. Based on Mrs. McGlothlin’s testimony, it appears that she intends to remain with her parents indefinitely because of their financial circumstances and her working hours, which involves shift work.
In our view, the crowded living conditions alone would not justify a substantial modification in the custody decree. By far the more serious problem is Mrs. McGloth-lin repeatedly giving birth to children out of wedlock in total disregard for the moral well-being of her children. This factor alone is enough to show that the circumstances are so deleterious to the boys, who are fast approaching adolescence, as to justify a modification of the custody decree.
Mr. Hull has demonstrated a sincere concern and interest in the boys’ academic and religious schooling, as well as extracurricular activities, e.g., baseball and karate. Mr. Hull is a coach for his youngest son’s baseball team. He has a home for his sons and his wife is willing to help him care for them.
We find the record clearly supports that Mr. Hull met the heavy burden in seeking a modification in the custody decree; or to say it another way, he has shown that the continuation of this former custody decree was so deleterious to the children as to justify a modification in the custody decree. Clearly, the trial court modified the custody decree based on the best interest of the children.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Mrs. McGloth-lin.
AFFIRMED.
DOMENGEÁUX, J., concurs.