440 So.2d 1362 (1983)
George Ferdinand BENTLEY, Plaintiff-Appellee,
v.
Paula Daigrepont BENTLEY, Defendant-Appellant.
No. 83-264.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
*1363 Kenneth W. Cole, Lafayette, for defendant-appellant.
Charles Brandt, Lafayette, for plaintiff-appellee.
Before FORET, STOKER and YELVERTON, JJ.
STOKER, Judge.
This appeal, our number 83-264, concerns child custody. It is consolidated with appeal number 83-413 which concerns making past due child support payments executory.[1] In two judgments signed on November 18, 1982, the trial court (1) awarded permanent custody of all four Bentley children to George F. Bentley, Jr., the plaintiff on the motion for change of custody, and (2) gave judgment for past due child support payments of $3,600 together with attorney's fees of $250 to Paula D. Bentley, plaintiff on the rule to make past due child support payments executory. Our decision on the child support payments is reported in a separate opinion at 440 So.2d 1365 (La. App. 3rd Cir.1983). For the reasons given below, we affirm the trial court's award of custody.

PROCEDURAL HISTORY
Four children were born of the marriage between George F. Bentley, Jr. and Paula D. Bentley. The children are: Lara C. Bentley, born on November 18, 1970; George F. Bentley, III, (hereinafter Bubba), born on December 20, 1971; Anne H. Bentley, born on March 14, 1973; and Katherine T. Bentley, born on October 22, 1975. In the judgment of divorce between George and Paula Bentley, custody of all four children was awarded to Paula.
On June 18, 1980, Mr. Bentley filed a motion for a change of custody. In a judgment signed on May 5, 1981, concerning this issue, the trial judge awarded custody of Lara and Anne to Mr. Bentley and continued custody of Bubba and Katherine in Paula Bentley. The trial judge stated in his reasons for judgment, and the judgment so provided, that these custody arrangements were to be temporary in nature. They were to last for a period of six (6) months from the date of the judgment, during which time both parents and the children were required to obtain regular counseling. The trial judge also ordered Mr. Bentley to pay child support in the amount of $300 per month to Paula Bentley during the six month period of temporary custody. Prior to this judgment Mr. Bentley *1364 had been paying $400 per month for child support.
In his reasons for judgment, the trial judge stated that at the end of the six-month period the court would review the progress made by the children and their parents, and at that time, if warranted by the facts, render a judgment of permanent custody. The trial judge further stated that he would re-set child support at that time if it became necessary.
At the end of the six-month period, neither the judge nor the parties took any legal steps concerning the issues of child custody and child support. Mr. Bentley simply retained the custody of Lara and Anne, and Paula Bentley simply retained the custody of Bubba and Katherine. Additionally, Mr. Bentley stopped paying child support at the end of this period. It was not until April 5, 1982, when Mr. Bentley filed a supplemental motion for change of custody, in which he again sought custody of all four children, that any further steps were taken concerning the custody matter. It was not until June 15, 1982, when Paula Bentley filed a rule to make past due child support payments executory, that any further steps were taken concerning the child support matter.
Two separate judgments were signed on November 18, 1982; the first awarded permanent custody of all four children to Mr. Bentley, and the second awarded past due child support payments together with attorney's fees in the respective amounts of $3,600 and $250 to Paula Bentley. Paula Bentley appeals from the custody judgment. Mr. Bentley appeals from the child support judgment. In this opinion, we are only concerned with the custody judgment.

APPLICABLE LAW
The issue on this appeal is whether or not the trial judge abused his discretion in ruling that it would be in the best interests of the four Bentley children to be in the custody of their father, George Bentley.
The sole criterion applicable in change of custody cases is the best interest of the children. LSA-C.C. art. 157;[2]Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). The role of the court is to determine the best interest of the children based on the relative fitness and ability of competing parents in all respects to care for the children. Suire v. Jagneaux, 422 So.2d 572 (La.App. 3rd Cir.1982); Thornton v. Thornton, 377 So.2d 417 (La.App. 2nd Cir.1979).
A trial court's determination of fact will not be upset on appeal unless it is "clearly wrong". Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In performing its function of deciding child custody cases a trial court is vested with much discretion. The determination of the trial court is entitled to great weight and its judgment awarding custody will not be disturbed on appeal absent a clear showing of abuse of discretion. Bordelon v. Bordelon, supra.

ARGUMENT
Paula Bentley urges that the trial court abused its discretion in awarding custody of the children to George Bentley.
The care and custody of the four Bentley children has been the subject of prolonged and bitter litigation between the parents. As the trial judge noted in his reasons for judgment, this has had a detrimental effect on all of the children which has manifested itself in behavioral problems. The voluminous record is replete with allegations and evidence of inadequate supervision, physical abuse and neglect, and psychological suffering, as well as allegations and evidence concerning the character and stability of each of the parents.
In the judgment of May 5, 1981, the trial court took the unusual step of separating the four children and awarding custody of *1365 Lara and Anne to Mr. Bentley for a period of six months. He took this step based upon the evidence, and also based upon the recommendations of Dr. Kenneth Boullion, Ph.D., the court-appointed clinical psychologist. At this point the bitter and prolonged litigation had already manifested itself in behavioral problems in all of the children. Because the parents demonstrated inability to handle the difficult situation and to cope with the problems of the children, the trial judge followed Dr. Boullion's recommendation and ordered that both the parents and the children obtain regular counseling.
The matter was not taken up again until Mr. Bentley filed a supplemental motion for change of custody on April 5, 1982. As a result, additional evidence was taken and the court reviewed the progress of the children and their parents since the time of the judgment of May 5, 1981. The matter was taken under advisement on July 28, 1982. After re-evaluating the situation of the Bentley children the court, in its judgment on November 18, 1982, awarded permanent custody of all four children to George Bentley. In reaching this decision, the court was aided by a report prepared by Dr. Boullion, who had been involved with the evaluation of the four children since September of 1980.
Dr. Boullion's testimony and report indicated that the prior temporary custody award was no longer in the children's best interest. He recommended that they be reunited in order to establish appropriate sibling relationships in a nurtured, emotionally supportive but consistently structured environment. It was his opinion that the children could best be managed together in the home of Mr. Bentley.
In his reasons for judgment, the court took careful notice of the progress of the four children since the court's prior ruling. Lara and Anne, who resided with Mr. Bentley were noted to have made substantial academic and emotional improvements. Katherine and George had continued to experience significant problems in both areas while residing with Paula Bentley.
Although none of the evidence indicates that Paula Bentley is an unfit parent, after reviewing all of the evidence we cannot say that the trial judge was clearly wrong in his findings of fact, nor that he abused his discretion in ruling that it would be in the best interest of the four Bentley children to be in the custody of their father, George Bentley, Jr.
For the reasons given above, the ruling of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The name of the plaintiff in caption in case number 83-413, which is consolidated on appeal with this case, reads: "George Ferdinand Bentley, Jr.". Although the name is different in the two cases, one being qualified as "Jr.," the name applies to the same person.
[2] Subsequent to this trial, LSA-C.C. art. 157 was amended by Acts 1982, No. 307, S1, eff. Jan. 1, 1983. This did not alter the criterion to be used in change of custody cases.