461 So.2d 373 (1984)
Kennon HARVILL et al., Plaintiffs-Appellees,
v.
Joanna Roberson CASEY et al., Defendants-Appellants.
Willie FRANKLIN, Plaintiff-Appellant,
v.
Kennon HARVILL et al., Defendants-Appellees.
Kennon HARVILL et al., Plaintiffs-Appellees,
v.
Willie FRANKLIN, Defendant-Appellant. (Two Cases).
Nos. 16676-CA to 16679-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1984.
Rehearing Denied January 4, 1985.
Writ Denied March 8, 1985.
*374 Louis Berry, Alexandria, Vanue B. Lacour, Baton Rouge, for defendant-plaintiff-appellant.
Gordon, Bailey & Associates, P.C. by Jack M. Bailey, Jr., Shreveport, for plaintiffs-defendants-appellees.
Before MARVIN, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
After purchasing interests of heirs in the Jeter Estate, Kennon Harvill, Rick Fayard and Norman R. Gordon filed a partition suit against the remaining owners. Willie Franklin subsequently filed a possessory action against Harvill, Fayard and Gordon. These latter parties responded by filing an eviction action against Franklin and sought in a fourth suit to have buildings and works he had erected demolished. The four suits were consolidated for trial purposes, with the parties stipulating that they had been converted into a petitory action.
Franklin appeals the judgment based on the finding that he did not establish his defense of 30 years acquisitive prescription. We affirm for the following reasons.
Willie Franklin spent his youth in the home of his uncle, Aaron T. Jeter, Sr. In his early teens, he moved to Shreveport. During his residency in Shreveport, he met and married his wife. Shortly thereafter in 1925, Franklin and his wife moved to Mr. Jeter's farm, commonly referred to as Jersey Farm. Franklin repaired an old frame house on a little-used portion of the farm and started farming.
Over the course of more than 50 years Franklin made his living on Jersey Farm. He cleared various areas of the farm and grew potatoes, corn, peanuts, and cotton; raised livestock on a small pasture that he enclosed near his house; cut and sold timber and cross-ties. All of these things are consistent with ownership of property. However, they are also consistent with renting property or living on family-owned property at the forbearance of relatives.
There are two fatal flaws in Franklin's argument that he owns the property as a result of 30 years acquisitive prescription. First, Franklin must show that he possessed the property with the intent to be the owner. La.C.C. Article 3424. A possessor is presumed to possess as an owner unless he possesses in the name of another. La.C.C. Article 3427. One who possesses in the name of another is a precarious possessor. La.C.C. Article 3437. A precarious possessor only ceases to be a precarious possessor when he gives actual notice to the one on whose behalf he is possessing that he intends to possess for himself. La.C.C. Article 3439.
Franklin first possessed the land at the forbearance of Aaron Jeter and his heirs. As long as they lived on the land with him there was no problem because he was treated as a member of the family. The problem arose when nonmembers of the Jeter family acquired interests in the property. This is the first time that Franklin started to manifest his intent to possess as owner. By this time however it was too late to amass 30 years of possession with the intent to own.
The second fatal flaw in Franklin's prescription claim is his total failure to establish the boundaries of what he possessed. As the trial judge pointed out in his reasons *375 for judgment, nowhere in the record did Franklin or his witnesses locate where Franklin's house or fields were located. Even if this court was disposed to grant Franklin some relief, we would not be able to locate the property he possessed.
Franklin's counsel also argues that the trial judge erred by ruling at the close of his evidence. When a party fails to carry his burden of proof there is no necessity for the opposing party to rebut insufficient evidence. Article 1672 of the Code of Civil Procedure was amended to allow a trial judge to rule when the plaintiff has failed to show a right to relief. La.C.C.P. Article 1672 B. It is arguable that Franklin was acting as either a plaintiff or a defendant. Regardless of his position, the trial judge properly ruled after all parties had presented their evidence that Franklin had not proved a 30-year acquisitive prescriptive title.
We therefore affirm the trial court judgment. Willie Franklin is assessed with cost of appeal.