SAVOIE, Judge.
This is a case involving a change of custody. Plaintiff, Debbie Cormier Soignet Andras (hereinafter Mrs. Andras), sought sole custody of her and defendant’s two children, Rudolph J. Soignet IV (Buggs) (age five) and Courtney M. Soignet (age two); defendant, Rudolph J. Soignet III, had previously been awarded sole custody of the children.
Mrs. Andras and Mr. Soignet were married on May 25, 1982. On September 28 or 29, 1986, the parties physically separated. On January 30, 1987, after an evidentiary hearing, judgment was signed granting the parties a divorce on the ground that Mrs. Andras committed adultery and granting Mr. Soignet sole custody of the children with liberal visitation for Mrs. Andras. Prior to the judgment of divorce, the parties shared joint custody pursuant to a consent judgment rendered on December 4, 1986 and signed by the court on December 22, 1986.
On March 25, 1988, Mrs. Andras filed a petition seeking sole custody. Following an evidentiary hearing held on May 19, 1988 and June 21,1988, the court continued custody with Mr. Soignet; judgment was signed accordingly on July 17, 1988. From this judgment, Mrs. Andras appeals.
Although Mrs. Andras did not formally set forth assignments of error, she did set forth two issues, which are:
1. Whether or not the judge erred when he determined that plaintiff did not show a substantial change in circumstances and continued to penalize plaintiff for past conduct.
2. Whether or not the court erred when it dismissed petitioner’s case and did not order phychological [sic] evaluations of the minor children.
The burden of proof on the party seeking a change of custody was set forth in Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La.1986):
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
The trial judge’s oral reasons for judgment given at the conclusion of the eviden-tiary hearing indicate that he had removed the children from Mrs. Andras because she *543 was putting her needs ahead of theirs; the trial judge had reached this conclusion based on the following activities of Mrs. Andras: she went out at night regularly while she had two small children at home, she and Mr. Andras were living together in the presence of her children, and her attorney had advised her not to do this. After hearing Mrs. Andras' evidence at the change of custody hearing, the trial judge found that while her circumstances had changed, she had not met the Bergeron heavy burden of proof required for him to change his prior custody award.
At the hearing, witnesses testifying for Mrs. Andras, in addition to herself, included her present husband; her mother; her sister-in-law; her cousin; and Mr. Soignet’s neighbor’s daughter. Mrs. Andras also called Mr. Soignet under cross-examination.
The change of circumstances upon which Mrs. Andras mainly relied was her marriage to Alan Andras, with whom she was living at the time of the prior custody hearing; Mrs. Andras married Mr. Andras about three weeks after her divorce. Mrs. Andras established through testimony that she is happily married with a five month old baby; that she keeps a clean home; that she cooks for her family; and that she is able to care for the children at all times since she does not work. She also presented testimony that the children want to live with her and that they love Mr. Andras.
Mrs. Andras attempted to show that custody with Mr. Soignet was detrimental to the children for the following reasons. The children had several illnesses while they were in Mr. Soignet’s care, such as pink eye, chicken pox, lice, and a urinary tract infection. The children had álso gotten sunburned while being cared for by their father. Mr. Soignet does not feed the children a well-balanced diet (he allegedly feeds them pizza and peanut butter and jelly sandwiches), nor does he keep them clean. Because Mr. Soignet works during the day, the children are at a day care center and a baby sitter’s. Mr. Soignet allowed the children to play out in the street in front of their home while unsupervised, on one occasion late at night.
One of Mrs. Andras’ more serious allegations concerns the possible abuse of Courtney. Mrs. Andras testified that in December of 1987, while she was undressing Courtney she noticed bruises on his buttocks; she questioned the two children who told her their father had spanked Courtney. Mrs. Andras reported the matter to the authorities. It was stipulated at the hearing that a representative from DHHR, if called as a witness, would testify:
[T]hat a complaint of alleged abuse and/or other neglect was made pertaining to the home environment of Rudolph Soignet, Sr., that investigation was made pursuant to that complaint and that based on that investigation it was found to be without merit and that the file was closed and no further investigations were deemed necessary.
Mrs. Andras also testified that Courtney had a cigarette burn on the side of his face near his eye; Mr. Soignet testified that he accidentally touched his son while holding a cigarette.
Mr. Soignet’s attorney elicited the following testimony on cross-examination: that Mrs. Andras and her husband moved six times over the past year and three months; that Mr. and Mrs. Andras had to file for bankruptcy; and that Mr. Andras had a judgment rendered against him in favor of his previous wife for child support arrear-ages. Mrs. Andras was also aware that Buggs was enrolled at St. Genevieve’s school to begin kindergarten.
After reviewing the testimony and evidence introduced by Mrs. Andras, we can not say that the trial court abused his much discretion in finding that Mrs. An-dras failed to meet the heavy burden of proof described in Bergeron.
Mrs. Andras contends that the trial court erred in granting a judgment of dismissal following presentation of her evidence, citing Owen v. Gallien, 477 So.2d 1240 (La.App. 3d Cir.1985). In Owen, a father filed a rule seeking a change of custody of his children; at an evidentiary hearing, the trial judge granted the mother’s motion for a directed verdict under *544 LSA-C.C.P. art. 1672 B[1] following the father’s presentation of evidence. The Third Circuit found that the trial court erred in granting the mother’s motion to dismiss, reasoning as follows:
The best interest of the children is the sole criterion in a change of custody case. La.C.C. Arts. 157A and 146; Bordelon v. Bordelon, 390 So.2d 1325 (La. 1980).
* # * # * *
[B]ecause of the unique nature of such proceedings [custody proceedings], irrespective of whether an initial award of custody, is involved or a change of custody is sought, the competing parties share equally the burden of establishing by a preponderance of the evidence the custodial arrangement which will best serve the interest of the children. Application of the provisions of La.C.C.P. Art. 1672(B) in such proceedings is, in our view, inappropriate because it deprives the trial court of the opportunity to consider the best interest of the children in light of the totality of circumstances of the competing parties.
Owen, 477 So.2d at 1244.
We elect not to follow the Owen case. In Owen, although the party was seeking a change of custody, the court held that each party had the burden of proving which custodial arrangement was in the best interest of the child, in accordance with the mandates of the supreme court’s Bordelon case.
In Bordelon, the supreme court reasoned that in 1977, when the legislature amended LSA-C.C. art. 157[2] governing custody, it intended to repudiate the heavy burden of proof required for a change of custody, and to substitute the best interest of the child as the criterion. The supreme court in Bergeron reexamined the amendment to LSA-C.C. art. 157 and concluded “that the Legislature did not intend to abrogate the ... heavy burden rule.” Bergeron, 492 So.2d at 1197.
According to the heavy burden rule, the party seeking a change of custody bears the burden of proof. In the case at bar, because Mrs. Andras had the burden of proof, all evidence favorable to her, or with which she would carry that burden, would be introduced during her case-in-chief. This differs from the situation in Owen because under that burden of proof Mr. Soignet would also have had the burden of proof, and it would have been necessary for him to present evidence. Thus, the trial court did not err in the case at bar where under the heavy burden rule, Mrs. Andras failed to carry her burden of proof and the court granted Mr. Soignet’s motion. A motion for involuntary dismissal is to be granted if, after the court weighs all the evidence presented up to the time of the motion, the plaintiff failed to establish proof by a preponderance of the evidence. Financial Corp. v. Estate of Cooley, 447 So.2d 594 (La.App. 3d Cir.1984). As was explained in Harvill v. Casey, 461 So.2d 373, 375 (La.App. 2d Cir.1984), writ denied, 464 So.2d 318 (La.1985), “[w]hen a party fails to carry his burden of proof there is no necessity for the opposing party to rebut insufficient evidence.”
Mrs. Andras also argues that the trial court erred in failing to order psychological evaluations of the parties and the children, citing Johns v. Johns, 471 So.2d 1071 (La.App. 3d Cir.1985), and LSA-R.S. 9:351 as authority. Initially, we note that LSA-R.S. 9:351 deals with the court’s dis *545 cretion to require mediation between the parties, not with psychological evaluations. LSA-C.C. art. 146 H deals with psychological evaluations.[3] Under LSA-C.C. art. 146 H, a party must make a motion for an evaluation. In the case sub judice, Mrs. Andras did not make such a motion and thus is not entitled to an evaluation. Furthermore, even where a motion is made, it is discretionary with the court whether to order the evaluation. See Godchaux v. Godchaux, 488 So.2d 1230 (La.App. 4th Cir.1986).
Concerning the Johns case, the Third Circuit was concerned with the trial judge’s statement that he had no expertise in the area of custody arrangements and that he was limited to choosing between the present custody situation and one party’s proposed changes. The court said that the trial judge should actively participate in a custody issue and that he is not limited to choosing between the parties’ positions. According to the court, “[tjhere are numerous alternatives open to the trial court, including the appointment of experts and the requirement of additional evidence from the parties. In particular, the trial court cannot disclaim expertise and refuse to consider a custody issue brought by the parties.” Johns, 471 So.2d at 1076.
In the case at bar, the trial judge apparently had no need of expert testimony or an investigation. LSA-C.C. art. 146 C(3). From the facts presented, he was able to determine that the continuation of present custody was not deleterious to the children and that the harm likely to be caused by a change of environment was not outweighed by advantages to the children. We further note that an investigation is discretionary under LSA-C.C. art. 146 C(3), as is a psychological evaluation under LSA-C.C. art. 146 H. Mrs. Andras’ contention that the trial court erred in failing to order psychological evaluations is without merit.
For the above and foregoing reasons, the judgment of the trial court is affirmed at Mrs. Andras’ cost.
AFFIRMED.

. LSA-C.C.P. art. 1672 B reads as follows:
Art. 1672. Involuntary dismissal
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

. Following the 1979 amendment, LSA-C.C. art. 157 read in pertinent part as follows:
In all cases of separation and divorce, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children.

. LSA-C.C. art. 146 H reads as follows:
H. In a custody or visitation proceeding, an evaluation may be ordered on the motion of either party. The evaluation shall be made by a mental health professional agreed upon by the parties or selected by the court. The court may apportion the costs of the investigation between the parties and shall order both parties and the children to submit to and cooperate in the evaluation, testing, or interview by the mental health professional. The mental health professional shall provide the court and both parties with a written report. The mental health professional shall serve as the witness of the court subject to cross-examination by either party. For the purposes of this Article, ‘mental health professional’ means a psychiatrist or a person who possesses a Master's degree in counseling, social work, psychology, or marriage and family counseling.