447 So.2d 1247 (1984)
Linda Newcomer LITTLE
v.
Robert Roy LITTLE.
No. 83 CA 1277.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
*1248 Walter J. Horrell, Covington, for plaintiff-appellant.
Clayton S. Knight, Franklinton, for defendant-appellee.
Before LOTTINGER, EDWARDS and COLE, JJ.
LOTTINGER, Judge.
This is a summary proceeding by the father, Robert Roy Little, seeking joint custody of his two minor children, Nicholas born March 31, 1978, and Teresa born September 15, 1980. From a judgment awarding joint custody and ordering that the parties submit a plan or plans for joint custody of the children, the mother, Linda Newcomer Little Grantham has appealed.
La.C.C. Art. 146, as amended by Act 307 in 1982, effective January 1, 1983, legislatively provides for a preference for joint custody in child custody cases. La.C.C. Art. 157 makes the provisions of Article 146 applicable to permanent custody cases. Thus, joint custody is presumed unless the parent requesting sole custody proves that it would not be in the best interest of the child.
In the instant case we have searched the record as well as making inquiries to the trial court to determine whether a plan of implementation has been approved by the trial court. None has been approved.
We are of the opinion that in amending Article 146 the legislature intended that when joint custody is awarded, a plan of implementation of joint custody be included in the decree. Otherwise, inasmuch as a joint custody decree is an appealable judgment, one parent would be forced within the applicable time period to appeal said judgment. Additionally, when the plan of implementation is ultimately approved or imposed by the trial court, a second or subsequent appeal could result. Thus, the question of joint custody and the implementation thereof would arrive in the appellate court for review by separate appeals. This is not desirable and certainly not what the legislature intended.
Therefore, under the authority of La. Code Civ.P. Art. 2164, we remand this case to the trial court for the purpose of the approval or imposition of a plan of implementation and the inclusion of same in the custody decree.
Costs of this appeal are assessed to the appellant. REMANDED.