514 So.2d 1198 (1987)
Terri Ragusa CASSIDY
v.
Fred Albert CASSIDY.
No. CA870087.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
Rehearing Denied November 13, 1987.
Writ Denied January 15, 1988.
*1199 Phil E. Miley, Baton Rouge, for plaintiff-appellee Terri Ragusa Cassidy.
Nina S. Broyles, Baton Rouge, for defendant-appellant Fred Albert Cassidy.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal of a judgment awarding sole custody of the two minor children of the marriage to the mother, Terri Ragusa Cassidy, and awarding her permanent alimony based on a finding that she was free from fault in the dissolution of the marriage and lacked sufficient means of support.

FACTS
Fred Cassidy moved out of the matrimonial domicile late in the month of January, 1986. On February 20, 1986, the plaintiff, Terri Ragusa Cassidy, filed a petition for separation based on abandonment. Mr. Cassidy reconvened alleging cruel treatment by the plaintiff. She did not answer the reconventional demand, but on July 31, 1986, amended her petition to pray for divorce based on the defendant's post-separation adultery.
Trial on the merits was held in August, 1986, and a judgment was rendered granting the plaintiff a separation based on abandonment and a divorce based on adultery. The plaintiff was awarded sole custody of the two minor children and defendant was allowed visitation privileges. The plaintiff was found to be free from fault in the dissolution of the marriage and lacking sufficient means of support. The defendant was ordered to pay permanent alimony in the amount of $600 per month and child support in the same amount.
Defendant appeals the award of sole custody and the finding that the plaintiff was free from fault in the dissolution of marriage. The issues for review are, with regard to the custody award and dissolution of the marriage respectively, whether sufficient evidence was presented to rebut the presumption of joint custody and whether the trial court was correct in finding the plaintiff free from fault.

CUSTODY
La.C.C. art. 146 provides a rebuttable presumption that joint custody is in the best interest of a minor child. The rebuttable presumption in favor of joint custody merely provides the trial court with a preference which it may reject upon the presentation of evidence that joint custody is not in the child's best interest. Fusilier v. Fusilier, 464 So.2d 1068 (La.App. 1 Cir.1985). The best interest of the child is the sole consideration in awarding custody initially or in changing custody. Griffin v. Griffin, 424 So.2d 1228 (La.App. 1 Cir. 1982). Determination of best interest of child involves consideration of the totality of circumstances of child and parent in each individual case. Pauley v. Pauley, 425 So.2d 1313 (La.App. 1 Cir.1983).
*1200 The defendant's adulterous relationship and the inability of the parties to get along were the reasons cited by the trial court for the award of sole custody to the mother.
An award of custody is not a tool to regulate human behavior. Everett v. Everett, 433 So.2d 705 (La.1983). The purpose of the rule denying custody to a parent who maintains an adulterous relationship is not to punish the parent, but to protect the children. Hilderbrand v. Hilderbrand, 391 So.2d 577 (La.App. 4 Cir.1980) writ denied, 396 So.2d 922 (La.1981).
One or several acts of adultery with the same person does not, per se, render a parent morally unfit who is otherwise suited for custody. Johnson v. Johnson, 331 So.2d 854 (La.App. 1 Cir.) writ denied, 334 So.2d 436 (La.1976). In assessing whether a parent's sexual lifestyle is cause for denying or removing custody, we consider whether the behavior was damaging to the children. This involves a determination of whether the children were aware of the illicit relationship, whether sex play occurred in their presence, whether the furtive conduct was notorious and brought embarrassment to the children, and what effect the conduct had on the family home life. Howes v. Howes, 388 So.2d 1182 (La.App. 4 Cir.) writ denied, 393 So.2d 738 (La.1980).
The adulterous relationship with Ms. Mylius was openly admitted in court by the defendant and corroborated by other evidence. The relationship started approximately two and a half months after he moved from the marital domicile. Mr. Cassidy and Ms. Mylius maintain separate apartments and his children were not exposed to any intimation of a sexual relationship between them. The defendant admitted having a sexual relationship with Ms. Mylius which was very discreet. Mr. Cassidy would go to Ms. Mylius' apartment after her children were asleep and leave the apartment very early before they arose. He never spent the night with Ms. Mylius on the weekends that his children were visiting. The defendant and Ms. Mylius ceased the sleeping arrangment when her children found out of it through their father. The record is totally bare of any evidence of misconduct in the presence of the children, any embarrassment to the children or any behavior which was damaging to the children. On the defendant's weekends with the children, they spent considerable time visiting with Ms. Mylius and her children and enjoying recreational activities together, including fishing trips. The only testimony of any change in the behavior of the children indicated that the eldest child had a slight change in attitude and wasn't doing as well in school as he had previously, but the plaintiff admitted that these were attributable to the breakup of the family unit. Although we do not condone the adulterous relationship, there was no evidence presented of any damaging effect to the children or that the children even knew that the defendant was sexually involved with Ms. Mylius.
In Monsour v. Monsour, 347 So.2d 203 (La.1977), the Louisiana Supreme Court reversed an appellate court's decision to remove a child from its mothers custody. The court held that the conduct of the mother, in living with her paramour for four months, with the child present, did not constitute such a total disregard of moral principles as to justify removing custody from its mother. Although the present case is a denial of custody and not a removal, the standard for both is the best interest of the child. The present case is stronger than Monsour because the defendant did not live with Ms. Mylius and did not stay with Ms. Mylius on the weekends that the children were allowed to visit him. Rather than being concerned about the effect of the disregard of moral principles on the children the trial court was bothered by the contact of the children with Ms. Mylius and that her influence with the children might replace that of the plaintiff. The trial court's discretion in child custody matters is entitled to great weight and should not be disturbed unless it amounts to a clear abuse of discretion. Hatchett v. Hatchett, 449 So.2d 626 (La. App. 1 Cir.), writ denied, 457 So.2d 11 (La.1984). The trial court determined that the circumstances rebutted the presumption *1201 that joint custody would be in the best interest of the child. However, all testimony including the plaintiff's portrayed the defendant as a good father who maintains a good relationship with his children. After reviewing the record, we find the evidence insufficient to rebut the presumption that joint custody is in the best interest of the children. The holding of the trial court is a clear abuse of discretion.
The trial judge noted that the parties argued about everything and had difficulty agreeing on visitation and the children's education. These problems and the potential exposure to Ms. Mylius can be cured by the wording of the custody agreement and order of the court.
We, therefore, reverse the trial court's decision as to custody and remand to the trial court to formulate a joint custody arrangement.

FAULT
Defendant appeals the court's holding that the plaintiff was free from fault in the dissolution of the marriage.
As stated by this court in Jergins v. Jergins, 451 So.2d 1336, 1338 (La.App. 1 Cir.1984):
It is only the spouse who has not been at fault who may be entitled to alimony. LSA-C.C. art. 160. To be considered "fault," the spouses misconduct must be of a serious nature and of an independent contributory cause of the breakup of the marriage. `Fault' which will preclude an award of permanent alimony must be such conduct as would entitle a spouse to a separation or divorce.
The defendant alleges cruel treatment and unjustified refusal of sexual relations by the plaintiff as constituting fault. The trial judge noted that the parties argued considerably and had problems of a sexual nature but felt that the plaintiff's conduct was comparable to that found in many marriages and was not serious enough to constitute fault. In order for denial of sexual relations to be considered cruel treatment or fault within the context of the code, such conduct must be unjustifiable and persistent. Jergins v. Jergins, 451 So.2d at 1338. The trial judge in his reasons for judgment stated that there was no proof in the record of persistent unjustified refusal of sexual relations and further stated that there was no testimony in the record which would show the plaintiff guilty of cruel treatment or any other grounds for a legal separation. The defendant testified that the plaintiff refused sexual relations. The plaintiff admitted having refused sex on a few occasions, such as immediately following an argument, but denied any frequent or persistent at refusal. The trial judge obviously believed the plaintiff's testimony. The trial court is in a far better position to evaluate the evidence, observe the witness and reach a decision on this issue than we are reading from a cold record.
The defendant further assigns as error the trial judge's refusal to allow other proof of the plaintiff's refusal of sexual relations. The defendant attempted to question a non-party witness as to statements made by the defendant regarding refusal of sexual relations by the plaintiff. The plaintiff objected to this testimony as hearsay and the trial judge sustained the objection. The defendant contends that this testimony was offered only to prove that the defendant had complained of refusal and not to prove that the plaintiff had refused sexual relations. This argument is inconsistent with the assignment of error which relates to refusal of the trial court to admit proof of the plaintiff's refusal. We agree with the trial court that the testimony was offered for proof of fact of refusal and not an utterance by the defendant. We further note that even if the evidence were admissible, error in refusing to admit it would have been harmless. The defendant was permitted freely to testify as to the plaintiff's refusal of sexual relations. Evidence to show that he made the same assertions to others would have offered little, if any, probative value.
The party alleging refusal of sexual intercourse has burden to show that there was persistent and unjustified refusal to engage in such intercourse. Bateman *1202 v. Larson, 452 So.2d 184 (La.App. 4 Cir.1984). The defendant made the allegations of the plaintiff's fault and has failed in his burden. Finding the plaintiff free from fault is a question of fact and will not be disturbed on review absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no manifest error.
We affirm that portion of the trial court's decision finding the plaintiff free from fault in the dissolution of the marriage.
Costs of this appeal are assessed jointly against both parties.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.