LeBLANC, Judge.
This appeal involves a child custody dispute. The issues presented in this appeal are whether the trial court (1) erred in decreeing that the primary domicile of the child be with the mother, (2) in failing to approve a plan of implementation prior to rendition of the custody judgment, and (3) in making its decision based upon privileged communications between the parties and a court appointed mediator.
In 1984, Robyn Oster, plaintiff-appellee, and Theodore Oster, defendant-appellant, stipulated to joint custody of their son. Custody was to alternate between the parents; seven days with the father and fourteen days with the mother. A plan of implementation was neither approved nor imposed by the trial court at that time. Since the child was nearing school age and the parties lived in different cities, Mrs. Oster sought to modify the custody arrangement. Mr. Oster then filed a rule for sole custody of the child and at the time obtained provisional custody of the child based upon allegations of physical abuse by the mother.[1] After several failed attempts at mediation, a trial was conducted. The trial court rendered judgment continuing the child in the joint custody of the parents, with Mrs. Oster named as the primary domiciliary parent. The court also ordered that the parties submit joint custody implementation plans and decreed that it would determine a plan without a further hearing. Mr. Oster appeals, arguing that the trial court erred in determining that the mother should be the domiciliary parent, in rendering judgment prior to approval of a plan of implementation, and making its decision based on privileged communications between the parties and the mediator.
*836 LSA-Civ.Code Art. 146 provides that the court shall, unless waived by the court for good cause shown, require the parents, individually or in concert, to submit a plan of implementation for joint custody. La.Civil Code Art. 157 makes the provisions of that article applicable to permanent custody cases. The procedures followed and the judgment rendered in this case do not comply with the joint custody provisions of Article 146. We have reviewed the appellate record and do not find a plan of implementation which has been approved by the trial court. The trial court herein ordered that the parties submit a plan or separate plans. Although the parties have complied, the trial court has not approved either of the plans. When that court ultimately approves or imposes the plan, a second or subsequent appeal could result. Thus, the issues raised herein and those issues that might arise regarding the plan of implementation wouid arrive in the appellate court for review by separate appeals. This is not desirable and certainly not what the legislature intended. See, Creary v. Creary, 447 So.2d 60 (La.App. 1st Cir.1984); Little v. Little, 447 So.2d 1247 (La.App. 1st Cir.1984) Adams v. Adams, 441 So.2d 490 (La.App.2d Cir.1983).
Therefore, under the authority of La. Code Civ.P. art. 2164, we reverse the trial court judgment and remand this case to the trial court for the purpose of the approval or imposition of a plan of implementation and inclusion of the same in the judgment affecting custody.
Costs are to be divided equally between the parties.
REVERSED AND REMANDED.

. Mrs. Oster also filed a petition for divorce. Mr. Oster filed an answer and reconventional demand to Mrs. Oster’s petition.