CARTER, Judge.
This is an appeal from a trial court judgment, denying plaintiff’s claim for sole custody and continuing joint custody.

FACTS

Plaintiff, Tarni Jones Milligan, and defendant, Mark E. Milligan, were married on March 3, 1984. One child, Erica, was born of their marriage. By judgment rendered on May 21, 1987, and signed on March 16, 1988, the parties were judicially separated. In accordance with the stipulation of the parties, the trial court granted the parties joint custody of Erica, designating plaintiff as primary domiciliary parent.
On March 16, 1988, plaintiff filed a petition for divorce and sought sole custody of Erica. Defendant answered plaintiff’s petition, requesting joint custody of Erica. By judgment dated May 20, 1988, the parties were divorced. The judgment of divorce continued joint custody, pending a hearing on the change in custody request. A hearing on the change in custody matter was held on February 1, 1989, at which time evidence was adduced. Thereafter, the trial court rendered judgment, denying plaintiff’s claim for sole custody and continuing the award of joint custody.
From this adverse judgment, plaintiff appeals, assigning the following errors:
1. The Honorable Family Court Judge committed error when he decreed joint custody even though the evidence and admissions of both parents clearly prove that joint custody is unworkable because the parties cannot communicate or cooperate to a sufficient degree.
2. The Trial Judge committed error when he concluded that Appellant was seeking a change of custody, when actually, there was never a plan of joint custody in effect because of the failure of both parties to agree upon a plan, and when the previous judgment was one of consent and, therefore, not a considered decree.
*8 3. The Judge committed error when he gave heavy weight to the testimony of a social worker who had coun-selled Appellee while overlooking the court-ordered evaluation report of the court-appointed clinical psychologist.
4. The Judge committed error when he minimized Appellant/Mother’s concern for the safety of her young daughter regarding the physical marks the Appellee/Father made on the child.
5. The Judge committed error when he viewed the fact that Appellant did not submit a joint custody plan as an attempt to defeat joint custody when, in fact, Appellant had decided to request sole custody because her experiences had made it evident that joint custody was not workable.
6. The Judge committed error when he concluded that the evidence showed that the Appellee/Father had displayed nurturing skills.
Defendant appeals contending that the trial court erred when it failed to consider his joint custody plan.
JOINT CUSTODY PLAN
LSA-C.C. art. 157 directs that “in all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146.” LSA-C.C. art. 146 E provides that changes in custody shall be awarded according to the “best interest of the child.” Joint custody is presumed to be in the best interest of the child. LSA-C.C. art. 146 C. This presumption may be rebutted only by a showing that joint custody is not in the best interest of the child, after a consideration of the factors listed in LSA-C.C. art. 146 C (2). Best interest of the child is the paramount consideration in child custody matters, including those involving change of custody. Meredith v. Meredith, 521 So.2d 793 (La.App. 2nd Cir.1988); Foy v. Foy, 505 So.2d 850 (La.App. 2nd Cir.1987); Dungan v. Dungan, 499 So.2d 149 (La.App. 2nd Cir.1986).
When a trial court has made a considered decree of permanent custody, the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). However, where no considered decree of custody has been rendered, the “heavy burden” rule set forth in Bergeron does not apply. The test to be applied in such cases is best interest of the children. Stewart v. Stewart, 525 So.2d 218 (La.App. 1st Cir.1988); Meredith v. Meredith, supra; Risher v. Risher, 511 So.2d 1220 (La.App. 2nd Cir.1987). Additionally, if the presumption established by LSA-C.C. art. 146 is to be overcome, the burden of rebutting such presumption lies with the party opposing joint custody. Owen v. Gallien, 477 So.2d 1240 (La.App. 3rd Cir.1985).
Every child custody case must be based on its own particular circumstances. Great weight is given to the trial court’s decision, which will not be overturned absent a showing of an abuse of discretion. Everett v. Everett, 433 So.2d 705 (La.1983); Meredith v. Meredith, supra; Cassidy v. Cassidy, 514 So.2d 1198 (La.App. 1st Cir.1987), writ denied, 517 So.2d 814 (La.1988).
In the instant case, the original joint custody decree in the judgment of separation, which was continued in the judgment of divorce, was stipulated. No evidence was adduced concerning parental fitness for custody. Thus, the joint custody decree was not a considered decree, and the test to be applied in modifying the custody award is best interest of the child. See Stewart v. Stewart, supra; Dungan v. Dungan, supra.
After a thorough reading of the record and reasons for judgment assigned by the trial judge, we are convinced that the decision of the trial court is correct. Specifically, we find that the trial judge *9 properly applied the best interest of the child test. Further, the trial judge carefully considered several factors enumerated in LSA-C.C. art. 146C (2) in continuing the joint custody award and refusing to award plaintiff sole custody. We find no error on the part of the trial judge as to his findings of fact, the application of the law thereto, and the conclusions reached by him. There is no merit in plaintiff’s specifications of error.
We find no merit to defendant’s contention that his joint custody plan must be implemented in its entirety. The record fully supports the trial court’s implementation of a joint custody plan in the best interest of the minor child. Creary v. Creary, 447 So.2d 60 (La.App. 1st Cir.1984); Little v. Little, 447 So.2d 1247 (La.App. 1st Cir.1984).

CONCLUSION

Therefore, for the above reasons, we affirm the decision of the trial court at plaintiff’s costs.
AFFIRMED.
SAVOIE, J., agrees with the result.