569 So.2d 173 (1990)
Nita Lynne LINDNER
v.
John William LINDNER, II.
No. 90 CA 0634.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
*174 Sylvia Roberts, Baton Rouge, for plaintiff-appellee Nita Lynne Lindner.
John W. Lindner, II, New Orleans, in pro per.
Before LOTTINGER, CARTER, JJ., and DOHERTY,[*] J. Pro Tem.
CARTER, Judge.
This is an appeal from a trial court judgment, awarding plaintiff sole custody of the minor child, setting child support payments, and awarding arrearages.

FACTS
Plaintiff, Nita Lynne Lindner, and defendant, John William Lindner, II, were married on July 4, 1976. One child, Lydia Lynn Lindner, was born of their marriage. By judgment dated May 24, 1982, the parties were divorced. In 1986, the parties entered into a joint custody plan, making plaintiff the primary domiciliary parent and defendant the secondary domiciliary parent. The plan also set forth defendant's child support obligations, which included monthly payments of $200.00 plus the payment of certain educational, medical, and leisure activity expenses.[1] The joint custody plan was incorporated into the judgment on February 28, 1986.
On March 8, 1989, plaintiff filed the instant rule for modification, arrearages, and contempt. After a hearing, the trial judge determined that plaintiff was entitled to sole custody of Lydia because the evidence established discord and lack of communication between the parties, which sufficiently *175 rebutted the presumption that joint custody was in the best interest of the minor child. The trial judge also determined that defendant pay child support of $650.00 per month, retroactive to March 15, 1989, with a credit for any amounts paid. Child support payments were reduced to $250.00 for the months of June and July, during which time defendant has visitation rights. Additionally, the trial judge awarded plaintiff arrearages of $1,432.50 and cast both parties for their respective attorney's fees and costs.[2] The trial judge rendered judgment on October 16, 1989, which judgment was signed on October 19, 1989.
From this adverse judgment, defendant appeals, assigning the following errors:
1. The trial court erred in awarding sole custody to the appellee.
2. The trial court erred in ordering the child support payments retroactive to March 15, 1989.
3. The trial court erred in ordering appellant to make child support payments in the amount of $250.00 during June and July, during which months the minor child resides with appellant.[3]
Plaintiff answered defendant's appeal, seeking an increase in the amount of child support and requesting that defendant be cast for costs at the trial court and on appeal.[4]

CUSTODY PLAN
LSA-C.C. art. 157 directs that "in all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146." LSA-C.C. art. 146 E provides that changes in custody shall be awarded according to the "best interest of the child." Joint custody is presumed to be in the best interest of the child. LSA-C.C. art. 146 C. This presumption may be rebutted only by a showing that joint custody is not in the best interest of the child, after a consideration of the factors listed in LSA-C.C. art. 146 C(2). Best interest of the child is the paramount consideration in child custody matters, including those involving change of custody. Meredith v. Meredith, 521 So.2d 793 (La.App. 2nd Cir. 1988); Foy v. Foy, 505 So.2d 850 (La.App. 2nd Cir.1987); Dungan v. Dungan, 499 So.2d 149 (La.App. 2nd Cir.1986).
When a trial court has made a considered decree of permanent custody, the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). However, where no considered decree of custody has been rendered, the "heavy burden" rule set forth in Bergeron does not apply. The test to be applied in such cases is best interest of the child. Milligan v. Milligan, 559 So.2d 6 (La.App. 1st Cir.1990); Stewart v. Stewart, 525 So.2d 218 (La.App. 1st Cir.1988); Meredith v. Meredith, 521 So.2d at 796; Risher v. Risher, 511 So.2d 1220 (La.App. 2nd Cir.1987).
Additionally, if the presumption established by LSA-C.C. art. 146 is to be overcome, the burden of rebutting such presumption lies with the party opposing joint custody. Owen v. Gallien, 477 So.2d 1240 (La.App. 3rd Cir.1985). The article 146 presumption only compels the judge to award joint custody in those cases where other things are equal; or where there is insufficient evidence to rebut the presumption; or whenever neither parent alone would be able to manage a sole custody *176 arrangement, and where it cannot be shown that it would be detrimental to the child to remain in parental custody. Effectively, the presumption only provides the judge with a first choice, which must be rejected in the face of evidence which tends to disprove the conclusion. In such a case, it becomes necessary for the other party to reestablish the propriety of the presumption's conclusion. Turner v. Turner, 455 So.2d 1374 (La.1984).
Every child custody case must be decided based on its own particular circumstances. Great weight is given to the trial court's decision, which will not be overturned absent a showing of an abuse of discretion. Everett v. Everett, 433 So.2d 705 (La.1983); Milligan v. Milligan, 559 So.2d at 8; Meredith v. Meredith, 521 So.2d at 796; Cassidy v. Cassidy, 514 So.2d 1198 (La.App. 1st Cir.1987), writ denied, 517 So.2d 814 (La. 1988).
In the instant case, the original joint custody decree was stipulated. No evidence was adduced concerning parental fitness for custody. Thus, the joint custody decree was not a considered decree, and the test to be applied in modifying the custody award is best interest of the child. See Milligan v. Milligan, 559 So.2d at 8; Stewart v. Stewart, 525 So.2d at 221; Dungan v. Dungan, 499 So.2d at 151.
After a thorough reading of the record and the reasons for judgment assigned by the trial judge, we are convinced that the decision of the trial judge is correct. Specifically, we find that the trial judge properly applied the "best interest of the child" test. In refusing to continue the joint custody award and awarding plaintiff sole custody, the trial judge articulated that the discord and lack of communication between the parties sufficiently rebutted the presumption of joint custody. We find no abuse of discretion in the instant case. There was sufficient evidence in the record for the trial court to conclude that the communication and interaction needed for the success of a joint custody plan cannot be effected between the parties and that plaintiff is the parent most able to cope with Lydia's day to day care during the school year. See Turner v. Turner, 455 So.2d at 1380-1381, and Eiswirth v. Eiswirth, 500 So.2d 817 (La.App. 1st Cir.1986), writ denied, 502 So.2d 111 (La.1987).

RETROACTIVITY OF CHILD SUPPORT AWARD
LSA-R.S. 9:310 provides as follows:
A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
B. Any support of any kind provided by the judgment debtor from the date the petition for support is filed to the date the support order is issued, to or on behalf of the person for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.
Generally, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9. The words of a law must be given their generally prevailing meaning. LSA-C.C. art. 11. The word "shall" as used in LSA-R.S. 9:310(A) is clear and free from ambiguity. The word "shall" in its usual signification for purposes of statutory construction generally denotes a mandatory duty. D'Agostino v. City of Baton Rouge, 504 So.2d 1082 (La.App. 1st Cir.1987). Cf. LSA-R.S. 1:3; LSA-C.C.P. art. 5053; LSA-C.Cr.P. art. 5; LSA-C.J.P. art. 4.
Clearly, under LSA-R.S. 9:310 an order for child support or alimony shall be retroactive to the filing date of the petition therefor, unless the court finds good cause for not making the award retroactive, in which case the court may fix the date such award shall become due. Hogan v. Hogan, 549 So.2d 267 (La.1989). Such determinations will not be disturbed on appeal absent *177 an abuse of discretion. See Hogan v. Hogan, 549 So.2d at 271.
In the instant case, plaintiff filed the rule to set child support on March 8, 1989. In the trial court judgment, the trial judge set the amount of child support at $650.00, payable in two equal, semi-monthly payments on the first and fifteenth of each month, retroactive to March 15, 1989.[5] Defendant contends that he showed good cause why the support award should not be retroactive. Defendant reasons that, from the date the rule was filed until the date the judgment was rendered, he met each of his child support obligations. Specifically, defendant notes that he continued to pay $200.00 per month and the educational, medical, and leisure activity expenses of the minor child.
We have carefully reviewed the entire record in the instant case and find that the trial judge did not abuse her discretion in making the child support retroactive. See Cabral v. Cabral, 503 So.2d 144 (La.App. 5th Cir.), writs denied, 505 So.2d 1148, 1149 (La.1987). Payment of an existing child support obligation does not require a finding that good cause exists for making the new support obligation prospective only. Rather, defendant is entitled to a credit for any payments so made. See LSA-R.S. 9:310 B.
Having determined that the child support award should be retroactive, we must determine the credit to which defendant is entitled. It is undisputed that defendant paid plaintiff $200.00 per month during the pendency of the rule, for which he is entitled to a credit. However, it is unclear from the record how much of the $1,432.50 in arrearages, if any, is attributable to child support obligations incurred between March 8 and October 19, 1989, and what portion of the arrearages, if any, is attributable to child support obligations incurred prior to March 8, 1989. Therefore, we must remand the matter to the trial court for a determination of the amount of credit to which defendant is entitled. See LSA-C. C.P. art. 2164.[6]

CHILD SUPPORT DURING SUMMER MONTHS
Defendant contends that the trial court erred in ordering him to make child support payments of $250.00 during June and July when Lydia resides with him. Defendant argues that, under the stipulated custody and support plan, he was not obligated to pay child support during June and July. Defendant reasons that, in awarding child support during those two summer months, the trial judge modified the child support obligation without proof of a change in circumstances. We disagree.
LSA-R.S. 9:311 provides that a support award should "not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award." Without considering the applicability of this article to a consent support award, we are convinced that it is not applicable to this case.
In the instant case, in addition to the issue of custody, the proceeding before the trial court was to modify the payment methodology and not to modify the amount of child support.[7] The proceeding sought to establish the dollar value of defendant's *178 support obligations under the stipulated custody and support plan previously entered into by the parties. While defendant correctly asserts that his monthly payment schedule under the stipulated plan did not require payments during June and July, defendant has not shown that his total support obligation has been increased. In other words, defendant has not demonstrated that the dollar value of his annual support obligation fixed by the trial court ($7,000.00)[8] is greater than his total annual obligation under the stipulated custody and support plan. Clearly, we cannot say that the trial judge increased the child support award requiring proof of a change in circumstances. Rather, it appears that the trial judge allocated the total support obligation over twelve months instead of ten months, taking into consideration the fact that there are many expenses incurred by the domiciliary parent for the maintenance of the child that remain constant even though the child may be visiting with the other parent (such as the cost of maintaining housing, insurance, utilities, and other fixed expenses). See Ritter v. Ritter, 491 So.2d 149 (La.App. 3rd Cir.1986).

CONCLUSION
For the above reasons, that portion of the trial court judgment making the child support payments retroactive is affirmed, but the matter is remanded to determine the credit to which defendant is entitled. In all other respects, the judgment of the trial court is affirmed. Defendant is cast for all costs on appeal.
AFFIRMED AND REMANDED, IN PART.
LEWIS S. DOHERTY, III, J. Pro Tem., concurs and assigns written reasons.
LEWIS S. DOHERTY, III, Judge Pro Tem., concurring.
While I concur with the opinion reached by the majority with respect to the modification of the custody by the trial court, it would appear that the major portion of the discord between the parents arose from the nature of the indeterminate payment of certain educational, medical, and leisure activity expenses. Once these payments were consolidated into one fixed payment, the existing tension should considerably subside with more harmony in the decisionmaking process for the benefit of the child. However, in view of the strong presumption in favor of the trial judge's determination, I will yield to the result reached by the majority.
I respectfully concur.
NOTES
[*] Judge Lewis S. Doherty, III, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.
[1] The plan provided, in pertinent part, as follows:

C. CHILD SUPPORT:
John William Lindner, II, agrees to pay and Nita Lynne Lindner, now Currier, agrees to accept the amount of Two Hundred and No/100 ($200.00) Dollars per month as child support for the minor child. This child support shall begin on 1 August 1986, and shall be payable and due on the first day of the month for each month that the child is in the custody of Nita Lynne Lindner, now Currier, that being ten (10) months of each calendar year. The payments are to continue throughout the child's minority.
John William Lindner, II, agrees to pay all educational costs of the minor child, including tuition, books, school supplies, school clothes, transportation, and lunch beginning with the 1986-1987 school year. The items that may be paid directly to the school are to be paid directly to the school by him. John William Lindner, II, agrees to bind himself contractually with the school for these amounts and agrees to hold Nita Lynne Lindner, now Currier, harmless from any of these obligations. For those items, such as clothing, that must be purchased by Nita Lynne Lindner, now Currier, for the minor child, she agrees to submit an itemized bill to John William Lindner, II, once a month, and he agrees to reimburse her within ten (10) days of the time she submits her bill for these above listed items to him. Otherwise, if she is forced to take the matter to an attorney for collection, John William Lindner, II, agrees to pay attorney's fees and costs of court that this may entail.
John William Lindner, II, agrees to maintain medical and dental insurance coverage for the minor child. He further agrees to provide Nita Lynne Lindner, now Currier, with current policy numbers and cards as needed in the event she is the parent with the child at any time the child is receiving medical or dental attention. John William Lindner, II, agrees to reimburse Nita Lynne Lindner, now Currier, immediately for any out of pocket expenses she has to pay for medical or dental attention for the minor child which are above and beyond what is covered by insurance or which is the deductible amount.
Nita Lynne Lindner, now Currier, is entitled to the Internal Revenue Service exemption which may be taken on the minor child, and John William Lindner, II, so acknowledges this fact.
John William Lindner, II, agrees to pay all costs for any extra-curricular activity the child may engage in such as training on a musical instrument or acrobatic or dance training. The foregoing examples are not to be exclusive. He agrees to pay the cost of the training as well as the cost of any equipment which such training may call for.
[2] The trial judge made numerous other determinations, none of which are pertinent to the issues presented in this appeal.
[3] The issue of change of financial condition of the parties is not before this court on this appeal.
[4] Plaintiff, however, failed to brief either of these issues. Pursuant to Uniform Rules Courts of Appeal, Rule 2-12.4, any issues not briefed are considered abandoned.
[5] Plaintiff did not appeal the trial judge's ruling, making the child support retroactive to only March 15 rather than March 8 (the date of the filing of the rule to set child support). Therefore, this issue is not before us on appeal.
[6] We note that the trial court judgment provides that defendant is entitled to a credit for the amounts paid by defendant, but the judgment does not set forth the amount of such credit. Because defendant contends that the child support award should not be retroactive because he has already satisfied his support obligations during the pendency of the rule, it is necessary to determine the extent to which he satisfied this obligation so that he may be properly credited for any such payments.
[7] In a brief statement to the trial court prior to the rule, counsel for defendant clearly and unequivocally articulated the purpose of the hearing and specifically stated the proceeding was not a change in circumstances case, and, as a result no financial information regarding either party's ability to pay was at issue.
[8] The annual support obligation of $7,000.00 reflects 10 months at $650.00, plus 2 months at $250.00.