599 So.2d 486 (1992)
Ginger Pecanty BEARD (Ryall), Plaintiff-Appellee,
v.
Mark P. BEARD, Defendant-Appellant.
No. 90-1258.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
*487 Norman Magee, Ferriday, for plaintiff/appellee.
Brent S. Gore, Ferriday, for defendant/appellant.
Before GUIDRY and STOKER, JJ., and PATIN, J. Pro Tem.
GUIDRY, Judge.
This is an appeal of a modification by the trial court of a custody decree. Defendant, Mark Beard, the primary custodian of his son, Cody, under the prior joint custody decree, appeals the change in primary custody to his former wife. For the reasons which follow, we affirm.
Mark and his former wife, Ginger Pecanty Beard Ryall, were married in Concordia Parish in May, 1981. One child, Cody, was born of this marriage on March 5, 1985. The parties were legally separated by judgment rendered July 7, 1986. The separation judgment provided for joint custody of Cody with Ginger as the primary custodian. Mark, who works offshore, was to have custody during the 14 days of each month during which he was home. Cody's remaining 14 days each month were to be spent in the custody of Ginger. Mark was also ordered to pay $200 per month in child support.
The parties were divorced by judgment rendered January 20, 1987 and signed February 17, 1987. The divorce judgment changed the prior custody decree to name Mark as the primary custodian of Cody but still provided for the same physical custody arrangement, i.e., 14 days to Mark and 14 days to Ginger. During the approximately one and one-half years which followed, both Mark and Ginger each filed two motions for change of custody which eventually resulted in a consent judgment by which the joint custody plan remained mostly unchanged. The consent judgment, rendered October 14, 1988, amended the plan only insofar as visitation privileges were concerned.
*488 Mark and Ginger subsequently got into a dispute over where Cody should attend school. Mark, as primary custodian, wanted the child to attend kindergarten in Monterey, Louisiana, Mark's place of residence. Ginger refused, preferring instead to have Cody attend school in Baton Rouge where she resided. On July 16, 1990, Mark, as primary custodian, filed a rule to show cause why Cody should not be allowed to attend school in Monterey. He also requested that, if granted primary custody of Cody during the nine-month school year, his obligation to pay child support to Ginger be terminated during that period. He additionally prayed that Ginger be made to pay him $200 per month during the school year. On August 13, 1990, Ginger filed a counter rule to show cause asserting that it was in Cody's best interest to live with her and her second husband, David Ryall, in Baton Rouge and attend kindergarten there. She asked the trial court to designate her as the primary residential custodian of her minor child because she, as a full-time mother, could devote all of her energy to his upbringing and education. Ginger asserted that, on the contrary, Mark was incapable of doing so since he was away from home half of the time. These counter rules were consolidated and tried together on August 21, 1990.
After hearing the evidence, the trial court found the fact that the child was now of school age was a sufficient change in circumstances and that it was in Cody's best interest to attend school in Baton Rouge where his mother would be home on a full-time basis. The trial court expressly stated that, while Janette Beard (Mark's second wife) was a more than adequate surrogate parent, the best interest of the child would be served by allowing him to live with a natural parent, his mother, who could care for him on a full-time basis. The trial judge reasoned that if, under the joint custody plan Cody was placed with his father during the school year, Mark would be present only half of the time since he works offshore 14 days of each month. Cody would be deprived of the presence of a natural parent half the month. This situation, the court concluded, was not in the best interest of the child. The trial court did award Mark nine weeks of residential custody in the summer and generous weekend and holiday visitation rights.
From this ruling, Mark appeals asserting error in the trial court's finding of a change of circumstances since the previous judgment. He asks that we reinstate him as residential custodian of Cody and reduce his child support obligation.
Issues concerning modification of child custody are to be determined according to the provisions of La.C.C. arts. 146 and 157, which were redesignated as Articles 131 and 134, respectively, by Acts 1008 and 1009 of the 1990 legislative session, made effective January 1, 1991. The redesignation did not substantively change the provisions of these articles. We will hereafter refer to the applicable former articles since this litigation was commenced prior to the effective date of the articles as redesignated. The best interest of the child is the sole criterion to be met in awarding or modifying custody under La. C.C. art. 146(E). Simmons v. Simmons, 554 So.2d 238 (La.App. 3rd Cir.1989). In custody modification cases, when a party attempts to modify a "considered decree", he bears the heavy burden of proving that the continuation of present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
When no evidence is adduced at the district court level prior to the entry of the joint custody order which is sought to be modified, that joint custody decree is not a "considered decree" within the meaning of Bergeron, supra. In this situation, the heavy burden of proof is not applicable, but the moving party must still prove a material change in circumstances since the entry of the original decree and that the modification proposed is in the best interest of the child. McGee v. McGee, 552 So.2d 576 (La.App. 2d Cir.1989). Every child custody *489 case must be decided based only on its own particular facts and circumstances. Lindner v. Lindner, 569 So.2d 173 (La.App. 1st Cir.1990). On appellate review, the determination of the trial court in establishing or modifying custody is entitled to great weight and will not be disturbed absent a clear showing of an abuse of discretion. Thompson v. Thompson, 532 So.2d 101 (La.1988); Bergeron, supra.
A large amount of the testimony adduced at trial centered on an alleged sexual encounter between Mark and Nicki Powell sometime in September, 1989, at which time Mark was married to his second wife, Janette. The trial court did not consider any of this testimony since the event, if it did occur, took place outside the presence of Cody. Ginger testified that the change in circumstances was that the child had reached school age and was required by state law to attend school. Since the prior joint custody judgment, the parental situation had not changed: Mark still worked offshore, and she was still a married housewife.
Mark testified that Janette, his second wife, does not work and could devote all of her time to raising Cody and her two children from a previous marriage. In addition, he stated that Cody has a number of relatives in Monterey including both his paternal as well as his maternal grandparents for familial support. Both parties agree that the continuation of the situation under the prior judgment was not feasible since Cody had to attend school in one location and could not be alternated between parents every two weeks.
Since the prior consent judgment was not a "considered decree", the heavy burden of proof rule is not applicable to this case. The trial court ruled that, based on the evidence presented, a change in circumstances had occurred in that Cody was now required to attend school. In turn, this meant that he must primarily reside with only one of his parents during the school year. Both Mark and Ginger were determined to be equally capable parents. The trial judge reasoned that it was in the child's best interest to reside with the parent who could devote more of his or her time to Cody's upbringing. Because his father worked offshore half of the year, the court found that placing the child with his natural mother, who could devote all of her energy and time to raising him, was in Cody's best interest. This was not a clear abuse of the trial court's great discretion. Mark's second assignment of error concerning a reduction of his child support obligation is thus rendered moot.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are assessed against defendant-appellant, Mark Beard.
AFFIRMED.